WESTERN DIS.
Sept. 1832.

PREVOST
ET AL.
vs.
SIMEON ET AL.

---

## PREVOST ET AL. (F. P. C.) *vs.* SIMEON ET AL. (F. P. C.)

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF ST. LANDRY.

Where the plaintiffs offer evidence of the credibility of one of their witnesses, the defendants may be permitted to question another witness sworn in the cause, if the witness, whose character is sought to be supported by testimony, has not been guilty of larceny?

In this instance the testimony on both sides is illegal, but as the plaintiffs resorted to that mode of supporting the credibility of their witness, they cannot complain that it is rebutted by the same means.

The declarations of the plaintiff cannot be given in evidence on his behalf,
when it does not appear they made a part of the *res gesta.*

Where a case involves nothing but facts, and the testimony is various and contradictory, and where fraud and collusion are found by the court of the first instance, between the plaintiffs and defendants against the intervenors, although it is doubtful, from the evidence, whether the whole of the plaintiff's claim is fraudulent, yet the judgement of the inferior court will not be reversed.

The plaintiffs claim, as heirs of Joseph Prevost, deceased, two thousand six hundred and sixteen dollars and twenty-eight cents, which, they allege, came into the hands of George Simeon, as curator *ad bona.* J. Prevost, the ancestor of the plaintiffs, died in 1804, leaving considerable property in lands, slaves and stock. No steps were taken to administer his suc-succession until 1811, when an inventory was taken, and partition made of the horses and cattle, between his widow and six children, three of whom were majors. In 1818, George Simeon, one of the defendants, was appointed curator *ad bona* to the three minors. In 1821, the land was sold for one thousand five hundred dollars, to George Simeon, who shortly after paid the heirs and took a receipt. In 1817, the whole of the Prevost estate was the wreck of the stock and two negroes. G. Simeon gave bond and surety as curator in the penalty of four thousand dollars. Shortly after taking upon himself this curatorship, G. Simeon became embarrassed in his affairs, and executions issued against him at the suits of J. Miramond and M. Littell. The plaintiffs sued out their injunction, and prayed that the proceedings under the exe-cations of Miramond and Littell be stayed; that they have judgement against Simeon as curator, and his surety, for the sum of two thousand six hundred and sixteen dollars and sixteen cents; the amount of property they allege came into his hands as curator, and a mortgage on all his property.

The interpleaders and defendants in the injunction pleaded the general issue, alleged fraud between the plaintiffs and defendants; the suit being intended to cover the property of

the defendants and protect it from seizure.    The defendants made default.

Much testimony was taken to show the amount of property received by G. Simeon after he became curator, and as much introduced to show he received little or nothing.   Some of the testimony was contradictory.   The plaintiffs examined a witness to show one of their leading witnesses was worthy of all belief, to which the interpleaders asked a question, if this witness had not been guilty of larceny?   The question was allowed to be asked, and the plaintiffs' counsel excepted; contending that the record of his conviction should be produced.

There was judgement dissolving the injunction, on the ground of fraud and collusion between the plaintiffs and defendants; that the plaintiffs claim was unsupported by evidence, &c.   They appealed.

*Simeon* and *Brownson*, for plaintiffs.

*Lewis* and *Bowen*, for the defendants in injunction.

1. The plaintiffs cannot prove the declarations of one of the coplaintiffs in the suit, when it does not make a part of the transaction; it is admitting the party to make testimony for himself.   1 *Starkie*, 50, 69, 83, § 581. 90, § 64.

2. The defendants in injunction have a right to offer rebutting testimony of a witness, to show one of plaintiffs' witnesses had been guilty of larceny.

3. The counsel argued to show the plaintiffs' claim had no foundation in fact, but was fraudulent and collusive.

Where the plaintiffs offer evidence of the credibility of one of their witnesses, the defendants may be permitted to question another witness sworn in the cause, if

PORTER, J., delivered the opinion of the court.

This is an action against a curator by one of the persons to whom he was appointed; and by the representative of two others who are deceased.   They claim the amount of the minors' inheritance from their father, which they allege came

into the possession of the defendant, and for which he has failed to account and pay over. They aver they have a mortgage on his estate, and they state that certain persons, viz. J. Miraumond and Moses Littell, have taken out execution against the property of the defendant, and will enforce it to the great injury of the petitioners, unless enjoined from so doing.

The defendant suffered judgement to go by default, and the case was contested in the Probate Court between the parties enjoined and the petitioners.

The answer, among other things, avers that the suit was fraudulent and collusive; that the plaintiffs have long since been paid, and that this action was instituted to cover the property of the defendant from the reach of the executions against which the injunction had been obtained.

The court below considered the charge of fraud and collusion sustained by the evidence, and gave judgement against the plaintiffs.

There are two bills of exceptions on record. One to the defendants being permitted to question a witness whether one of the witnesses sworn on behalf of the plaintiffs, had not been guilty of an act of larceny. It appears the plaintiffs had previously endeavored to prove the conduct of the witness in other transactions, to show how worthy of credit he was. The testimony on both sides was illegal, but as the plaintiffs resorted to that mode of supporting the credibility of their witness, they have no reason to complain it was rebutted by the same means.

The second is to a refusal of the court to receive the declarations of one of the plaintiffs in evidence. It does not appear they made part of the res gesta, and we think no error was committed in rejecting them.

The case on the merits was much contested in the court below, and the proof is contradictory. The claim of the plaintiffs to the extent set up in the petition is wholly unsupported by proof, and there is, we think, ample matter appearing on the record to justify the judge of the first instance in

WESTERN DIS. Sept. 1832.

PREVOST ET. AL. vs. SIMEON ET AL

the witness whose character is sought to be supported by testimony, has not been guilty of the crime of larceny.

In this instance the testimony on both sides is illegal, but as the plaintiffs resorted to that mode of supporting the credibility of their witness, they cannot complain that it is rebutted by the same means.

The declarations of the plaintiff cannot be given in evidence on his behalf, when it does not appear they made part of the res gesta.

Where a case involves nothing but facts, and the testimony is various and contradictory, and where fraud and collusion are found by the court of the first instance between the plaintiffs and defendants against the intervenors, although it is.

WESTERN DIS. *Sept.* 1832.

PREVOST ET AL. *vs.* SIMEON ET AL. doubtful from the evidence whether the whole of the plaintiffs' claim is fraudulent, yet the judgement of the inferior court will not be reversed.

pronouncing fraudulent and collusive a greater part of the demand. There is a small portion of it on which the evidence is not clear, and were it not for the decision below, we should doubt much if we could consider the whole claim as fraudulent. But cases of this kind depend so much on matters of which the judge who tried the cause has better means of being informed than we possess, that we do not feel authorized to reverse his decision.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the Probate Court be affirmed, with costs.